## Rubin Unemployment Compensation Case.

### Mees' Bakery, Inc., Appellant, *v.* Unemployment Compensation Board of Review.

Argued March 21, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Bernard J. Duffy, Jr.,* with him *Shoyer & Rosenberger,* for appellant.

*William L. Hammond,* Special Deputy Attorney General, with him *Richard H. Wagner,* Associate Counsel and *Charles J. Margiotti,* Attorney General, for appellee.

PER CURIAM, July 19, 1951:

In this unemployment compensation case the employer appeals from the decision of the board which granted benefits to the claimant-employe, and contends that claimant left his employment voluntarily and without good cause.

Claimant had been employed as a baker's helper for some fifteen months. September 23, 1949, was a Jewish holiday, and he requested time off to begin at 6:00 P.M. on that date. He was told that if he arranged for another employe to substitute and switch shifts, this would be satisfactory. He reported that he had obtained a substitute, but was later advised that the contract of the union (of which he and substitute were members) prevented the particular employe from acting. The employer then refused his request.

On the day in question, and before the commencement of the holiday, he left his employment and immediately registered for benefits. The board allowed compensation.

The evidence established that on September 24, the day after the holiday, the company sent a telegram to the claimant, requesting that he report to his superintendent before resuming work on the 25th. He did not report on that day, but purposely waited until the 26th. By that time it had become necessary to replace him, and he was advised that he was no longer employed.

The board found that "claimant was justified in assuming that he could no longer maintain his employment status . . . if he failed to work on September 23, 1949." There is no evidence that appellant had discharged him for that cause, nor that his future employment was conditioned upon his working on the holiday. On the contrary, the competent evidence establishes the opposite. Good cause must rest in good faith, which "embraces not only the merely negative virtue of freedom from fraud but also positive conduct which is consistent with a genuine desire to work and to be self-supporting.": *Weiland Unemployment Compensation Case*, 167 Pa. Superior Ct. 554, 76 A. 2d 457. This claimant registered and applied for unemployment benefits before the commencement of the holiday period. He did not report on his next work day, despite the request

of the employer to see his superintendent before "resuming" work,—which is certainly indicative of his want of good faith. There is no positive testimony that the employer severed claimant's employment. The claimant contended only that he failed to report because he "knew he was going to be discharged." There were no facts to substantiate his alleged belief. In addition, it was claimant's union which prevented the substitution of another employe. Cf. *Prentice Unemployment Compensation Case,* 161 Pa. Superior Ct. 630, 56 A. 2d 295. This case does not turn on the refusal of an employer to allow time off for a religious holiday. The claimant previously had been allowed time off for that purpose. The point of the present case is the employe's own conduct, after his own union would not permit another employe to substitute for him.

Decision reversed.