Moltrup Steel Products Company, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 6, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert H. Shoop, Jr.,* with him *Richard V. Sica* and *Thorp, Reed & Armstrong,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 30, 1973:

This is an appeal filed by Moltrup Steel Products Co. (Moltrup) from an order of the Unemployment Compensation Board of Review (Board) awarding compensation to Charles E. McCullough, Jr. (McCullough).

McCullough, an employee of Moltrup, had participated in a work stoppage which began October 1, 1971, and ended with the signing of a new contract on January 11, 1972. McCullough applied for unemployment compensation benefits on January 12, 1972. The Bureau of Employment Security denied benefits for the period January 12, 1972, through January 18, 1972, finding McCullough disqualified under the provisions of Section 402(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §802(d).

On February 9, 1972, an appeal was filed on McCullough's behalf by Fred A. Swager, president of McCullough's local union. A hearing was held; after which, the referee reversed the determination of the Bureau and awarded compensation for the period subsequent to January 12, 1972. Moltrup then appealed to the Board which affirmed the referee and this appeal followed.

The only issue here is whether the Board and referee erred in determining the period for which McCullough was disqualified from receiving benefits under Section 402(d) of the Act. Initially, we must note our limited scope of review in unemployment compensation cases. Findings and decisions of the Board supported by substantial evidence, absent an error of law or a showing of fraud, must be affirmed. *General Motors Corpora-*

*tion Unemployment Compensation Cases,* 9 Pa. Commonwealth Ct. 221, 306 A. 2d 399 (1973).

Questions of credibility and the weight to be given evidence, and the reasonable inferences to be drawn therefrom, are for the Board's determination. The party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *See James v. Unemployment Compensation Board of Review,* 6 Pa. Commonwealth Ct. 489, 296 A. 2d 288 (1972).

Moltrup first argues that the determination of the Board was erroneous because it was based on a finding not supported by the evidence. This finding, made by the referee and adopted by the Board, is as follows: "[T]he undisputed testimony presented in behalf of claimant reveals that following labor disputes in 1959, 1965 and 1968, *one day* was required to prepare the plant for normal operations and that all employees were immediately recalled following the day after the dispute ended." (Emphasis added.) Moltrup contends that this testimony was disputed by both management and union representatives. We do not agree.

Moltrup's claim is based on the testimony of Mr. Sciarro, Union staff representative. He testified that, following strikes in 1965 and 1968, everyone was back to work *within two days.* Moltrup sees a contradiction here. We do not. The referee, by his use of the term "one day," actually meant one day after the day the strike ended. He specifically states this in the language we have quoted, and it is also clear from a reading of his order which awarded benefits starting January 13, 1972, two days after the strike ended on January 11, 1972. In short, Moltrup's argument is purely semantical and must fail. We find that, although different language was used, the referee's finding agreed with Mr. Sciarro's testimony.

We also find that the testimony concerning the recall period after the prior strikes was not disputed by Moltrup's representative at the hearing. Mr. Reisinger, Plant Superintendent for Moltrup, when asked by the referee if the union's testimony was correct, replied that he could not give a definite answer. No other evidence disputing this testimony was offered by Moltrup.

Moltrup's second argument is that the determination of the period of disqualification by the Board is incorrect as a matter of law.

The controlling principle of law is stated in *Bako v. Unemployment Compensation Board of Review*, 171 Pa. Superior Ct. 222, 90 A. 2d 309 (1952), wherein the Court held that benefits may be denied during the time reasonably required to restore the plant to normal operation after the strike ends. Our task in this case is to decide whether or not there was substantial evidence to support the Board's determination that the plant could have reasonably been put back in operation by the morning of January 13, 1972.

After a careful reading of the record, we find that there is adequate and sufficient evidence to support the Board's determination that the period encompassing January 11 and January 12, 1972, was a reasonably sufficient time for Moltrup to put its plant back in operation. Both union representatives, Mr. Sciarro and Mr. Swager, testified that the plant could have been ready for operations at the end of the day on January 12, 1972. In addition, Moltrup's representative admitted that the reason for not recalling Mr. McCullough sooner was because of a delay in receiving steel from the roll mills.

In conclusion, we hold that the findings and determination of the Board are supported by sufficient evidence.

Accordingly, we enter the following

**ORDER**

Now, October 30, 1973, the employer's appeal is dismissed and the order of the Unemployment Compensation Board of Review is affirmed.