Raymond L. Thomas, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 7, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Ferdinand F. Bionaz,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., July 22, 1974:

This is an appeal from a decision of the Unemployment Compensation Board of Review which denied Raymond L. Thomas (Claimant) unemployment compensation benefits.

Claimant began his employment with Dick's Auto Supply in 1947. From February 1953 to 1970, he was the manager. However in 1970, due to the progressive deterioration of his wife's physical condition (multiple sclerosis), Claimant requested that he be relieved of his duties as manager and that he be retained as a counterman.

His employer, on February 25, 1973, planned a once a year inventory program. On February 22, 1973, the Claimant advised his employer in a telephone conversation that his son was coming home from college, that he was needed at home and that he would not be able to work on Sunday, February 25. The employer told Claimant that if he did not report to work Sunday "he wouldn't have a job." Claimant reported to work Friday and Saturday, but not on Sunday, February 25th or anytime thereafter.

The Bureau of Employment Security determined that Claimant was ineligible for benefits and disqualified him for "wilful misconduct" under Section 402(e) of the Pennsylvania Unemployment Compensation Law, Act of December 5, 1936, P. L. 2897, Art. IV, §402, as amended, 43 P.S. §802(e). The Referee reversed this determination and granted benefits. The Unemployment Compensation Board of Review (Board) reversed the decision of the Referee, basing its denial of benefits on the ground that Claimant had voluntarily terminated his employment without cause of a necessitous and compelling nature and thereby disqualified himself under §402(b)(1).

Claimant has appealed the decision of the Board to this Court.

In an unemployment compensation case, findings and decisions of the Unemployment Compensation Board of Review supported by substantial evidence must be affirmed on appeal in the absence of an error of law or a showing of fraud. *Moltrup Steel Products Co. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 404, 310 A. 2d 715 (1973).

Section 402(b)(1) of the Unemployment Compensation Law provides in part: "An employe shall be ineligible for compensation for any week . . . (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The Board denied Claimant benefits under §402(b)(1) when it concluded that he had voluntarily left his job without cause of a necessitous and compelling nature. We disagree with this determination because the Board failed to make a finding that Claimant *voluntarily* left his work, and we find that the testimony clearly establishes that he did not voluntarily terminate his employment but rather that he was discharged by his employer.[1]

The question remaining, however, is whether the Claimant's refusal to report to work on this particular Sunday, after having received direct orders from his employer, constituted "wilful misconduct" under §402 (e) of the Law thus calling for a denial of benefits. Wilful misconduct is an act of wanton or wilful disregard of employer's interest, a deliberate violation of

---

[1] In *Caperila Unemployment Compensation Case*, 200 Pa. Superior Ct. 357, 188 A. 2d 759 (1963), the employer told his employe, "I am the boss and she is the boss (employer's wife)—If you don't like it, there is the door." The employe left. The Superior Court held this language amounted to a discharge and not voluntary termination.

We feel this above-quoted language is strikingly similar in effect to the words used here by the employer.

rules, a disregard of standards which the employer has a right to expect, or negligence such as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or employe's duties and obligation to the employer. *Dr. James Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1972).

We have said that, after warnings, excessive absenteeism without satisfactory explanation can constitute wilful misconduct. *Woodson v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealth Ct. 526, 300 A. 2d 199 (1973). In the instant case, no testimony was adduced which would indicate excessive absenteeism, and we must find Claimant's wife's physical impairment coupled with the visit of his son in these circumstances is adequate justification for the absence of a devoted veteran employe on the particular Sunday in question. Accordingly, we conclude that Claimant was not guilty of "wilful misconduct" and so, we enter the following

### ORDER

AND Now, this 22nd day of July, 1974, the Order of Unemployment Compensation Board of Review is reversed and the record in this case is remanded to the Board for proceedings consistent with this opinion.