Brenda Baillie, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1980, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*F. L. Guiliano, Feeney & Guiliano*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel, and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 6, 1980:

Brenda Baillie (claimant) appeals an order of the Unemployment Compensation Board of Review (Board) denying her benefits because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We remand because of inadequate findings of fact.

The Board's findings were as follows:

1. Claimant was last employed by F. Melvin's, Incorporated as an office worker at $89.00 per week. She was employed from August 9, 1977 to March 28, 1978. Claimant worked three (3) days per week.

. . . .

3. On March 29, 1978 claimant's stepfather died, which necessitated her absence from work. She had expected to return to work on or about April 4, 1978.

4. Claimant's mother is quite ill and her physician advised that someone be with her at all times.

5. On April 3, 1978 claimant contacted her employer by telephone and advised him of the problem with her mother and requested additional time off so that she could be with her.

6. Claimant was not scheduled to work on April 3, 1978; she took her mother to the doctor's on this date. She then had to take her mother to her (claimant's) home to care for her.

7. The employer refused claimant's request for additional time off to care for her mother and, in fact, advised her by letter that 'if she failed to report for work assignment on April 4, 1978, the corporation had no recourse but to consider that she chose to resign her position.'

8. Claimant did not resign her position with the employer company and would have continued in this employment had she been permitted to do so by the employer.[1]

It is axiomatic that the refusal of an employee to obey the directive of his employer can constitute willful misconduct. *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978); *Unemployment Compensation Board of Review v. Homsher,* 21 Pa. Commonwealth Ct. 576, 347 A.2d 340 (1975). Where, however, the evidence indicates that the employer's request was unreasonable or that the employee's refusal was justified, an employee may not be disqualified from benefits on the basis of Section 402(e). *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

Here it was undisputed that claimant's mother was seriously ill and needed immediate care. Further, claimant testified that she was the only one available at the time who could provide the required care. If

---

[1] In view of the employer's ultimatum, the Board properly treated this case as one involving a discharge for willful misconduct. *See Unemployment Compensation Board of Review v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976).

this testimony were found credible by the Board, then claimant's refusal to comply with her employer's demand would be justified. *See Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975) ; *Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974). The Board, however, failed to resolve this crucial issue. Therefore, a remand is required. *Hughes v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979) ; *Kindrew, supra.*[2]

### ORDER

AND Now, this 6th day of May, 1980, the order of the Unemployment Compensation Board of Review, dated August 11, 1978, is vacated, and the record is remanded for further proceedings consistent with this opinion.

President Judge BOWMAN did not participate in the decision in this case.

---

[2] We also note that no finding was made on the duration of the leave requested by claimant. Such a finding would bear not only on the reasonableness of the employer's order but also on claimant's alleged justification. Therefore, a finding on this issue would also aid the proper evaluation of this case.