Richard J. Mitsch, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 8, 1980, before Judges Rogers, Blatt and Williams, Jr., sitting as a panel of three.

548

*Catherine T. Martin,* with her *Shelley A. Bould,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., August 22, 1980:

Richard J. Mitsch appeals from an order of the Unemployment Compensation Board of Review (Board) that affirmed a referee's decision denying him unemployment compensation benefits, pursuant to Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e).[1]

Mitsch worked as a truck driver for the Cannon Boiler Works (Cannon) until January 22, 1979, when Cannon discharged him for his refusal to drive a rental truck while the company truck underwent repair. The Board found that Mitsch gave as his reason for refusal his belief that the truck was unsafe because it lacked a mirror. The Board further found that the mirror on the truck had been broken at one time, but was replaced prior to Mitsch's refusal to drive the truck. The Board also found that Mitsch was aware that his refusal of the assignment constituted grounds for discharge. The Board characterized Mitsch's refusal as unreasonable, and held that it constituted willful misconduct, rendering Mitsch ineligible for benefits.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

A refusal by an employee to obey a directive of his employer may constitute willful misconduct. *Baillie v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980). Where the evidence indicates that the employer's request was unreasonable or that the employee's refusal was justified, the employee may not be disqualified from benefits on the basis of Section 402(e). *McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 383 A.2d 533 (1978); *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976). A claimant must establish that he had good cause for a refusal to comply with an employer's request to perform work. *Polk v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 630, 413 A.2d 475 (1980). Failure to carry out a work assignment on grounds of safety constitutes good cause, if the claimant is able to establish the existence of seriously defective conditions. *McLean, supra.*

Our scope of review is limited to questions of law and determining whether the Board's findings are supported by substantial evidence. *Fox v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 165, 394, A.2d 1327 (1978). In the instant case, the record clearly supports the Board's findings and conclusion.

Appellant Mitsch asserts that there was evidence to show that he refused to drive the truck because it had defective brakes and lacked snow tires. However, that evidence was the testimony of Mitsch himself. The credibility and weight of his testimony was for the Board to judge. *Kanouse v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973). Furthermore, Mitsch testified that he did not believe he mentioned the brakes on the occasion of refusing to drive the truck. And, when the

referee asked him if he mentioned the lack of snow tires on that occasion, Mitsch first testified that he had done so, but changed that to "I don't remember."

The employer's representative, Arthur P. Skelley, testified that he asked the appellant, on the day of his dismissal, to specify the features of the truck he thought unsafe. According to Skelley, the appellant's response to that inquiry mentioned only the mirror. Skelley further testified that at the time Mitsch refused to drive the truck it did have a mirror on it.

Appellant Mitsch failed to establish the existence of actual safety reasons to justify his refusal. The failure of the appellant to mention the lack of snow tires or anything about the brakes on the occasion of his refusal to drive the truck, supports an inference that his refusal was not motivated by any perceived unsafety in those features of the truck. Obviously, the Board drew such an inference.

For the reasons set forth, we affirm the order of the Board denying unemployment benefits in this case.

ORDER

AND Now, this 22nd day of August, 1980, the order of the Unemployment Compensation Board of Review in Decision No. B-171001 is affirmed.