Southeastern Pennsylvania Transportation Authority, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Donald Wilson, Respondents.

Argued September 11, 1980, before Judges MEN-
CER, ROGERS and WILLIAMS, JR., sitting as a panel of
three.

*Joseph F. Keener, Jr.,* with him *Norman Hegge,
Jr.,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General,
with him *Richard Wagner,* Chief Counsel, and *Harvey
Bartle, III,* Acting Attorney General, for respondents.

OPINION BY JUDGE ROGERS, October 3, 1980:

The Southeastern Pennsylvania Transportation
Authority (SEPTA) has appealed from an order of
the Unemployment Compensation Board of Review
(Board) affirming a referee's order awarding bene-
fits to Donald Wilson, a discharged bus driver.

The facts as found by the Board and supported by
substantial evidence are as follows: Wilson is a mem-

ber of the Bethel Holy Commandment Church and, according to the tenets of his faith, must not work on the holy day of Rosh Chodesh which occurs every twenty-eight to thirty days. About two weeks before Rosh Chodesh on October 31, 1978, Wilson asked his dispatcher to excuse him from work on that date. He received no answer at that time and renewed his request frequently until the eve of the holy day, October 30. Wilson then repeated his request to the depot superintendent. The request was denied and Wilson was admonished to report to work the following day or be subject to dismissal. Due to his religious observance Wilson did not report for work on October 31 and he was discharged.

Wilson's application for unemployment compensation benefits was granted by the Bureau of Employment Security. This determination was affirmed by referee and the Board thereby rejecting SEPTA's contention that Wilson's absence on October 31 constituted willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Whether the facts as found below demonstrate willful misconduct is a question of law subject to our review. *Lipfert v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979). The Board concluded that they do not. We affirmed.

In *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976), the Supreme Court held that an employee's absence from work, though directly contrary to an employer's directive, does not constitute willful misconduct if the employee has good cause for his absence. *Id.* at 87, 351 A.2d at 634. We have held that a single unexcused absence of which the employer is given advance notice

does not constitute willful misconduct if the absence is justified. *See, e.g., Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979) (transportation difficulties, if found credible by the Board on remand, would constitute good cause). *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978) (illness would constitute good cause). *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974) (lack of funds for gasoline justified, under the circumstances, two day absence from work). *See also Harmer Unemployment Compensation Case*, 206 Pa. Superior Ct. 270, 213 A.2d 221 (1965) (attending daughter's wedding justified one day absence); *Crib Diaper Service v. Unemployment Compensation Board of Review*, 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953) (illness constitutes good cause).

Wilson's one day absence was necessitated by a religious observance. SEPTA had long been aware of Wilson's religious beliefs and had accommodated them on many previous occasions. Wilson gave SEPTA over two weeks advance notice of the absence giving rise to this litigation. Such conduct on his part does not constitute a "wilful disregard of the standards of behavior the employer has a right to expect of his employees" so as to constitute wilful misconduct. *See McLean v. Unemployment Compensation Board of Review*, 476 Pa. 617, 620, 383 A.2d 533, 535 (1978). *Rubin Unemployment Compensation Case*, 169 Pa. Superior Ct. 7, 82 A.2d 68 (1951), relied on by SEPTA, is inapposite. There the Superior Court expressly rejected any implication that the case turned on the fact that the claimant was absent from work in order to attend a religious holiday. *Id.* at 10, 82 A.2d at 69. Rather, the claimant in *Rubin, supra,* was disqualified from unemployment compensation benefits simply because

he refused to return to work, despite a telegram from the employer, after the holiday.

SEPTA characterizes this case as one which requires us to define the extent to which an employer must accommodate the religious practices of its employees. We disagree. The employer's conduct is not here at issue. Wilson has not, in this action, challenged the legality of his discharge. *Cf. Trans World Airlines v. Hardison,* 432 U.S. 63 (1977). The only issue here presented concerns his eligibility for unemployment compensation benefits. As the Court stated in *Frumento, supra,* at 86, 351 A.2d at 634,

> the issue is not whether the employer had the right to discharge for the questioned conduct of the employee, but rather whether the State is justified in reinforcing that decision by denying benefits under this Act for the complained of conduct. (Footnotes omitted.)

Under these circumstances the denial of benefits would not be justified.

Accordingly, we enter the following

### ORDER

AND Now, this 3rd day of October, 1980, the order of the Unemployment Compensation Board of Review dated July 11, 1979, granting Donald Wilson unemployment compensation benefits, is hereby affirmed.