Thirstene Smith, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Michelle R. Terry,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 6, 1981:

Thirstene Smith (appellant) has appealed from a decision of the Unemployment Compensation Board of Review (Board) which denied her application for benefits because it found she had engaged in willful misconduct as defined by Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The appellant was employed as a Processor III at the Franklin Mint (employer). On October 8, 1979, the appellant informed her supervisor's secretary that she would not come to work that day or the next because she would be attending the funeral of a cousin in North Carolina. She did not ask permission to be absent; she made the decision unilaterally. Nothing in the record suggests that the employer authorized the absence, nor is it alleged that the employer had a past practice of authorizing absences for similar reasons. In fact, the employer's evidence indicated that the appellant's absences on October 8 and 9 were "unexcused."

The Board found that the appellant did not receive proper authorization from her supervisor for her absences on October 8 and 9. This finding is supported by substantial evidence, including the testimony of the appellant and of Barbara Miller, a man-

agement employee of the Franklin Mint. The sole remaining question is whether these unauthorized absences constituted willful misconduct.[1]

In *Unemployment Compensation Board of Review v. Ciotti,* 24 Pa. Commonwealth Ct. 373, 356 A.2d 368 (1976), this Court held that an employee who was absent without permission and without good cause had engaged in willful misconduct, notwithstanding the fact that she had notified her employer in advance that she intended to miss work. Good cause has been found in cases where the claimant established that his transportation failed, *Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974), or that a family emergency had arisen, *Baillie v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980). It has also been held that an employee had good cause to be absent where he was scheduled to serve as judge of election. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

In the present case, the Board did not commit a reversible error when it failed to conclude that the appellant had good cause to be absent without permission. The appellant testified that her absence was caused by her desire to attend the funeral of a "close" cousin in North Carolina, but she also testified that she did not begin her trip until late on the evening of October 8, 1979, well after her normal shift would have ended. She did not offer any additional evidence to justify her absence on October 8. Even if we were to hold that attendance at a cousin's out-of-town funeral constitutes good cause to be absent without per-

---

[1] We have not dealt with the question of whether the appellant gave proper notice when she called the supervisor's secretary, rather than the supervisor, since that issue is not relevant to the question of whether the employee had permission or good cause to be absent.

mission, the evidence failed to establish that the appellant's absence from work on October 8 was motivated by that reason.

Therefore, we enter the following

ORDER

AND Now, this 6th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated January 29, 1980, which denied benefits to Thirstene Smith is hereby affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.