James J. Jackim, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 5, 1981, before Judges MENCER, MacPHAIL and PALLADINO, sitting as a panel of three.

*Carol S. Mills McCarthy,* with her *Frances A. Frederick,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Steven Marcuse,* Assistant Attorney General, *Richard Wagner,* Counsel, *Richard L. Cole, Jr.,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, November 30, 1981:

James J. Jackim (Petitioner) brings this appeal from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's order denying him unemployment compensation benefits. The referee concluded and the Board agreed that Petitioner was discharged from Ascot Imported Cars (Employer) because of willful misconduct, rendering him ineligible for unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e). We affirm.

Petitioner was hired as a lube and "go-for" man. By his own testimony,[1] he was to "perform lube, ile

---

[1] Employer failed to appear at the hearing.

[sic] and filter . . . , change tires, balance them, clean them, sweep floor, paint, anything to do but drive customers . . . , whatever came along.'' On February 20, 1979, Claimant was asked by his supervisor, Bob Riley, to go watch another employee do rustproofing on cars. At this point the record is extremely unclear as to whether Petitioner refused this order to watch or whether he refused an order to do rustproofing.[2] Petitioner was thereafter fired. The Board found that Petitioner had refused two requests to go watch rustproofing and that the reason for the refusal was because Petitioner assumed he would have to work after hours, although Petitioner did not ask for any explanation of the job hours. This reason was held not to be good cause for a refusal of the request by his supervisor.

The crux of Petitioner's argument here is that Employer failed to meet its burden of proving willful misconduct, in that a request to do rustproofing would be an unreasonable change in work assignments. Petitioner also takes issue with the Board's finding that

---

[2] The Employer's Separation Notice, entered into evidence by the referee, indicated that Petitioner was fired for "refusing to do rustproofing." Petitioner's own testimony at one point revealed the following: "Bob Riley asked if I would go watch him. I said sure. I wasn't doing anything at the time . . . Bob Riley asked me if I was willing to do it and I said I would have to think about it. He asked me a second time. I said I would have to think about it." At another point the following occurred:

Q : What was your reason for not going and watching. . . . ?

A : It was in my opinion since I had already seen it unknown to Bob Riley, I didn't think much more could be accomplished.

Q : Did you let him know you had seen the process of rustproofing?

A : No ma'am I don't think I did.

Q : What reason did you give him for not going?

A : I just said I didn't want to then.

the dismissal was for refusing to watch rustproofing. In light of the fact that we believe that a refusal either to watch or to learn to do rustproofing would be willful misconduct, we need not determine if the Board's finding of a refusal to watch was proper.

The law concerning an employer's right to alter job assignments as it concerns unemployment compensation is succinctly stated in *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 264, 319 A.2d 195, 196 (1974):

> Normally, when any person is employed, he is employed to do a particular task at an assigned time, and at an assigned place. It does not follow that the employer agrees never to modify or change the task, the time, or the place. If the employer should decide to modify or change any of these *and the change is reasonable,* the employee must abide by the employer's decision at the risk of being ineligible for Unemployment Compensation if he refuses. (Emphasis added.)

Petitioner's own testimony indicates that he was hired to do "whatever came along." We do not believe a request by the Employer that Petitioner familiarize himself with the process of rustproofing in order to assist when needed is an unreasonable change in Petitioner's duties.

Though a work request may be reasonable, the law also provides that an employee may refuse to comply and still be eligible for unemployment compensation benefits if he can establish that he had good cause for the refusal. *Mitsch v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980). The employee bears the burden of proving such good cause. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). Where the party with

the burden of proof does not prevail before the Board, our scope of review is limited to a determination of whether the Board's findings of fact can be sustained without a capricious disregard of competent evidence. *Houff Transfer, Inc. v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 238, 397 A.2d 42 (1979). Of course, questions of credibility, resolution of conflicts in the evidence presented and a determination of the weight to be given the evidence are matters for the Board to determine. *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 242, 376 A.2d 314 (1977).

The Board's findings that Petitioner's reason for not following his supervisor's instructions was because he assumed he would have to rustproof after working hours and that Petitioner failed to ask for any clarification on this matter are supported by the record and will not be disturbed here.[3] We agree with the Board that such a reason, coupled with the failure to communicate this reason to the Employer, does not

---

[3]: What reason did you give him for not going?

A: I just said I didn't want to then.

Q: Was there. . . . . . . Did you feel you couldn't do that job?

A: Well if I was to do rustproofing I did not feel I would have proper training as I would if trained by Rust Jones Technicians. I feel as though I would have done a much better job.

Q: But you didn't make Mr. Riley understand this at this time, is that it?

A: I would say that's it because *he did not explain to me anything involved with doing it. He did not say whether I would be doing at* (sic) *at night or making time and a half.*

Q: *But nothing was discussed. All he did was ask you to go watch Randy rustproof.*

A: *No.*

Q: He didn't say why. . . . anything further as to when it would be done. *You just assumed all this?*

A: Right. (Emphasis added.)

rise to a level of good cause sufficient to overcome a finding of willful misconduct. *See Mitsch v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980).

ORDER

AND Now, this 30th day of November, 1981, the order of the Unemployment Compensation Board of Review, Decision No. B-183700, dated April 30, 1980, is affirmed.