Derek K. Ricketts, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Eileen F. Ray,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, December 3, 1982:

Derek K. Ricketts (Claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) finding Claimant ineligible for benefits from July 5, 1980 to August 12, 1980. We affirm.[1]

Claimant was last employed by Action Transit (Employer) as a bus driver. His last day of work was June 24, 1980. On or about July 2, 1980, Employer contacted Claimant to offer him work as a bus driver beginning July 7. Claimant and Employer disagree regarding what next occurred, but the Board found as

---

[1] The Board's order also assessed Claimant a non-fault overpayment of $97.00. Claimant has not contested the amount of claimed overpayment.

more credible[2] the Employer's testimony that Claimant declined the proffered employment. This finding of a refusal clearly supports the Board's conclusion that Claimant is ineligible for benefits under Section 402(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a), due to his failure to accept suitable work without good cause.[3]

Because we affirm the Board's determination of ineligibility based on Section 402(a), we need not discuss the Board's alternate reason for disqualification based on Section 401(d)(1) of the Law, 43 P.S. §801 (d)(1), the "available for work" provision.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-192610, dated February 25, 1981, is hereby affirmed.

---

[2] The Board is the final arbiter of credibility. *See e.g., Jackim v. Unemployment Compensation Board of Review*, 63 Pa. Commonwealth Ct. 5, 437 A.2d 775 (1981).

[3] Claimant has not disputed the Board's determination that the offered job was "suitable work" as defined by Section 4(t) of the Law, 43 P.S. §753(t), nor has he asserted "good cause" in refusing the offer.