G. C. Murphy Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Richard A. Chesnik,* for petitioner.

*John F. Kupchinsky,* Associate Counsel, with him *Charles G. Hasson,* Assistant Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 22, 1983:

The G. C. Murphy Company (employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the granting of Benefits to 43 employees after the conclusion of a strike.

The employer operates a large discount store employing approximately 115 employees, 96 of which belong to a bargaining unit. On June 1, 1980 the labor agreement covering the unit employees expired, whereupon negotiations commenced between the employer and the representative of the unit, Teamsters' Local Union No. 491. On September 23, 1980, negotiations broke down and a strike was called.

After extensive negotiating, the striking employees ratified a contract on Sunday, February 15, 1981. As part of this contract it was agreed by the parties that

a segment of the workforce would be called in as soon as possible, with the remainder of the employees being recalled on an as-needed basis. The current level of business operations and sales did not justify an immediate recall of the entire workforce. The recall agreement provided that employees would be called according to seniority and would be given five days to report to work after receipt of their recall notice.

The employer decided that 28 employees could be used immediately and mailed recall letters to 28 on Thursday, February 19, 1981. Exclusive of Sunday, these employees had until Wednesday, February 25th to return to work. On Monday, February 16, 1981, 43 employees had filed for unemployment benefits; a large number of which were recalled by the February 19 letter. The Office of Employment Security determined that all 43 claimants were entitled to benefits under Section 402(d) of the Unemployment Compensation Law (Law), 43 P.S. §802(d).[1]

A petition for Mass Appeal was filed by the employer and a hearing was held in front of a referee. The employer asserted that benefits should be denied from Monday, February 16, 1981 till Wednesday, February 25, 1981, the time the employer alleges was reasonable to resume normal operations after the conclusion of the strike. One claimant was chosen as a lead claimant with the decision being applicable to the other 42. The lead claimant was in that group of employees first recalled and who reported for work on Wednesday, February 25, 1981. The referee found that since the employer's store remained open for business throughout the entire labor dispute, although concedely with reduced personnel, the employer did not need additional time to resume operations and there-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(d).

fore granted benefits to all 43. The Board affirmed. The empolyer appeals to this Court alleging error in the granting of benefits from February 16 till February 25, 1981.

The present appeal involves an application of Section 402(d) of the Unemployment Compensation Law, 43 P.S. §802(d), which provides in pertinent part that:

An employe shall be ineligible for compensation for any week—

. . . .

(d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute . . . at the factory, establishment or other premises at which he is or was last employed. . . .

The controlling principle of law regarding Section 402(d) was stated in the lead case of *Bako v. Unemployment Compensation Board of Review,* 171 Pa. Superior Ct. 222, 90 A.2d 309 (1952) where it was established that the disqualification enacted by Section 402 (d) is not limited solely to the time of a strike, but is also applicable to that time reasonably required to put a plant back in normal operation after a strike ends. *See also, Moltrup Steel Products Company v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 404, 310 A.2d 715 (1973). As to what constitutes a reasonable time for resuming operations, the *Bako* Court went on to state that it "will always depend upon the kind of work and the circumstances in which it is conducted." *Bako* at 228, 90 A.2d at 312. Significantly, the Court stated that "[i]n a department store, for instance, resumption of employment might follow the strike's termination in the course of a few hours. . . . [A] textile mill would require a longer time." *Id. See also, Mosko v. Unemployment Compensation Board of Review,* 199 Pa. Superior Ct. 73, 184

A.2d 395; *Fort Pitt Mfg. Co. v. Unemployment Compensation Board of Review*, 176 Pa. Superior Ct. 162, 106 A.2d 672 (1954). While we are not prepared to accept a few hours as the talismanic time for resumption of operations in a department store, it is clear that what constitutes a reasonable time in a department store is significantly distinguishable from what constitutes a reasonable time in a textile mill or steel factory, where the resumption of operations after a shutdown is more complex.

In the instant case, the referee found that the employer was able to continue normal store operations with reduced personnel. This finding is supported by evidence of record. In light of this fact, we cannot conclude that the Board erred in finding that the employer did not need the period from February 16 till February 25, 1981 to resume normal operations. Accordingly, benefits cannot be denied.

The order of the Board granting benefits is hereby affirmed.

### ORDER

AND Now, this 22nd day of February, 1983, the order of the Unemployment Compensation Board of Review, dated April 23, 1981, No. 81-5-F-50 et al., granting benefits is hereby affirmed.

### ORDER

AND Now, this 25th day of February, 1983, the order of this Court dated February 22, 1983, entered to the above caption, is amended to read, in pertinent part:

the order of the Unemployment Compensation Board of Review, dated June 25, 1981, No. B-196423 et al., granting benefits, is hereby affirmed.

Judge ROGERS dissents.