Garnett Gorton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 3, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Barry Lee Smith*, for petitioner.

*Francine Ostrovsky*, Associate Counsel, with her *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 14, 1983:

Before this Court, is an appeal by Garnett Gorton (Claimant) from a decision and order of the Unemployment Compensation Board of Review (Board) reversing a referee's award of unemployment compensation benefits. The grounds for reversal are that Claimant had engaged in disqualifying "willful misconduct" under Section 402(e) of the Unemployment Compensation Law (Law),[1] 43 P.S. §802(e).

Claimant was a truck driver for the Engel Van Service (Employer) regularly transporting cargoes of mail between Erie and Pittsburgh. On February 4, 1981, Claimant, located in Erie, made several inquiries to Employer, located in Sharon, regarding whether that night's run had been canceled because of a severe snowstorm in the Erie area. Later, when it was time to make the run, Claimant called Employer and averred that the truck he was to drive would not start. Employer's owner cursed at Claimant who ostensibly became offended and went home. Another driver then made the run in Claimant's place using the same truck which Claimant was to have used. The next day, and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

several times over the ensuing weeks, Claimant called Employer concerning the availability of work. He was rebuffed on each occasion. Claimant's position was ultimately filled by another driver, leading Claimant to apply for unemployment compensation. Following a hearing to determine his eligibility, a referee granted benefits, finding that Claimant had voluntarily quit his job but that he had effectively rescinded his resignation prior to Employer making any effort to replace him and that he was therefore fired. The Board reversed, holding instead that Claimant was indeed discharged, but that he engaged in disqualifying "willful misconduct" by virtue of his failure to perform his assigned work.

In his appeal to this Court, Claimant argues that the Board's finding that he was involuntarily terminated is not supported by substantial evidence and that the conclusion that he engaged in "willful misconduct" is in error as a matter of law.

We initially note that there is no effective disagreement as to the question of whether Claimant quit or was fired. The Board found that Claimant was fired the day after he walked off the job. Claimant argues in his brief that he quit but then revoked his resignation prior to Employer's taking steps to replace him. In either instance, however, Claimant was fired, the only difference of opinion being as to when and under what circumstances. The issue which we must address therefore is whether there was disqualifying "willful misconduct."

The burden is on the employer to establish that an employee was discharged for "willful misconduct" such that will render him ineligible for unemployment compensation. *Bignell v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 568, 434 A.2d 869 (1981). Whether certain conduct constitutes "willful misconduct" under the Law is a question of

law subject to this Court's review. *Nolan v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 186, 425 A.2d 1203 (1981). The refusal to comply with a reasonable work assignment can constitute "willful misconduct." *Mitsch v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980). An employee's conduct will not, however, be deemed to be disqualifying "willful misconduct" if he establishes good cause for his actions. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976).

In the case at bar, Claimant asserts that the Board failed to address the question of whether the truck would start and therefore was unable to properly conclude that Claimant had engaged in "willful misconduct." Implicit in this assertion is the argument that Claimant had good cause for his failure to make the mail run the day in question. The Board did find, however, that another driver made the scheduled run in the truck Claimant was to have driven.[2] Claimant does not dispute this finding and, in the absence of evidence to the contrary, we therefore must consider it dispositive, in Employer's favor, as to any questions concerning the reasonableness of the work assignment at issue, the operability of the truck, and whether Claimant had good cause for his actions (such as the severity of the weather). *See e.g. Baillie v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980).

---

[2] Finding of Fact number 6 recites: "The employer contacted another driver who made the run in the truck that Claimant was to have driven." The testimony of the Employer at the first referee's hearing in Sharon, Pennsylvania was to the effect that on previous occasions Claimant would report off sick or have various other reasons why he could not drive in the snow.

Accordingly, we affirm the Board's denial of benefits.

ORDER

Now, July 14, 1983, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter, No. B-197044, dated July 10, 1981, is hereby affirmed.