George Anderson, III, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 13, 1984, to Judges CRAIG and DOYLE and Senior Judge BLATT, sitting as a panel of three.

*Mary Beth Seminario,* with her, *Larry Maggitti,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, February 1, 1985:

Claimant George Anderson has appealed from a decision of the Unemployment Compensation Board of Review, which reversed a referee's decision and denied him benefits after the Main Line Book Company discharged him from his former position as a warehouse helper.

The question is whether his insistence upon taking a day off, in order to attend a job interview for an apprenticeship position elsewhere, was justified by good cause or disqualified him as constituting willful misconduct under section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802-(e).

The referee's findings, adopted by the board and undisputed by the claimant, were: (1) that the claimant, on February 9, 1983, informed his supervisors that the Office of Employment Security had made an appointment for him to apply for an apprentice program with the Sun Oil Company on the following day; (2) that the supervisor refused the day off and warned the claimant that discharge would result if he took it; and (3) that the supervisor discharged the claimant after he stated that he would keep the appointment in his desire to better himself.

The record also shows that the claimant had requested and received time off to pursue an interview for another job during the previous week. The scheduled time of the second interview, the one in question, was midday, at 1:00 p.m.

Whether the facts as found demonstrate willful misconduct—that is, a disregard of the employer's interest or of standards of behavior which the employer has a right to expect—is a question of law subject to our review. *Lipfert v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 206, 406 A.2d 251 (1979).

If the circumstances support the existence of good cause for the employee's action, considering the reasonableness of the employer's position and the employee's reason for non-compliance, then what the employee did will not fall within the definition of willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

As the claimant's brief correctly notes, several decisions have allowed benefits by concluding that the circumstances showed that an employee had good cause for taking a day off without the employer's permission. *Frumento* decided that taking a day off to perform public duty as a judge of elections was justified,

particularly when the employer waited until the preceding day to define his rule on the matter. This court decided that a claimant had good cause for taking a day off for religious observance, when the employee made the request two weeks in advance and the employer did not reject it until the eve of the holy day. *SEPTA v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 165, 420 A.2d 47 (1980). In *Baillie v. Unemployment Compensation Board of Review,* 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980), this court indicated that the necessity of caring for the claimant's seriously ill mother could constitute good cause. Similarly, *Thomas v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974), found that an employee had good cause for an unauthorized Sunday absence, in view of the illness of his wife and a visit of his son.

The matter of attendance at a job interview for an apprenticeship position potentially involves a meritorious purpose, as distinguished from a purpose involving only personal pleasure; as to the latter, *see Burke v. Unemployment Compensation Board of Review,* 199 Pa. Superior Ct. 565, 186 A.2d 425 (1962), where the claimant insisted upon taking a holiday off. On the other hand, the record here indicates that the claimant had recently received permission for an authorized absence, in order to attend another job interview. Moreover, there is a possibility that the claimant could have acted more reasonably by attempting to reschedule the interview or to minimize the period of absence, making it less than a full day. But neither the referee nor the board made any findings regarding such facts, which appear to be crucial to the legal resolution of the interrelated issues of good cause and willful misconduct.

Hence a remand is in order for further findings. When a claimant has fairly raised the issue of good cause, the board must address the factual elements pertaining to that question of law. *Krentsel v. Unemployment Compensation Board of Review,* 80 Pa. Commonwealth Ct. 307, 471 A.2d 178 (1984); *Hubbard v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 285, 456 A.2d 1122 (1983).

We therefore remand.[1]

ORDER

Now, February 1, 1985, the decision of the Unemployment Compensation Board of Review, No. B-219769, dated July 12, 1983, is vacated and this matter is remanded for such further proceedings as are necessary to make findings of fact pertaining to good cause, and for such reconsideration of the conclusion as to willful misconduct as may be thereby indicated.

Jurisdiction relinquished.

---

[1] When the facts have been established, the determination of willful misconduct involves a question of law, *Lipfert.* By the same token, the negation of willful misconduct on the basis of good cause also necessarily involves a conclusion of law. Hence, in a case like the present one, the remand should be for further findings as to the facts pertinent to good cause, as well as for reconsideration of the willful misconduct legal conclusion.