117 Pa. Commonwealth Ct. 517 (1988)
543 A.2d 1286
George Mulqueen, Petitioner
v.
Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.
No. 2176 C.D. 1987.
Commonwealth Court of Pennsylvania.
Submitted on briefs May 3, 1988.
July 11, 1988.
*518 Submitted on briefs May 3, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.
Harry P. O'Neill, for petitioner.
James K. Bradley, Assistant Counsel, with him, Clifford F. Blaze, Deputy Chief Counsel, for respondent.
OPINION BY PRESIDENT JUDGE CRUMLISH, JR., July 11, 1988:
An unemployment compensation referee denied George D. Mulqueen benefits due to willful misconduct. Section 402(e) of the Unemployment Compensation Law.[1] The Board agreed. Mulqueen appeals; we reverse.[2]
*519 Mulqueen started work as a laborer for Wenner Burton on a Wednesday and was told his services were required "five days a week, eight hours."[3] At approximately 5:30 p.m. on Friday, he was told to report for work the following day. Despite his employer's directive, he was absent, and was subsequently discharged. The Board found that the request was reasonable and that Mulqueen did not establish good cause for his absence. Cassidy v. Unemployment Compensation Board of Review, 110 Pa. Commonwealth Ct. 367, 532 A.2d 524 (1987).
Mulqueen contends that his absence was justified, because he informed his employer that as a single parent, he could not have found adequate child care on short notice for a Saturday.[4]
An employee's good cause may justify countermanding an employer's directive. Frumento v. Unemployment Compensation Board of Review, 466 Pa. 81, 351 A.2d 631 (1976). The employee, however, bears the burden of proving good cause. Mitsch v. Unemployment Compensation *520 Board of Review, 53 Pa. Commonwealth Ct. 547, 417 A.2d 1347 (1980).
We have previously held that a claimant's absence was justified where an employer issued the claimant an ultimatum to report for work on a Sunday or be fired, despite the claimant having previously notified his employer that he was needed at home to care for his sick wife and son. Thomas v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 398, 322 A.2d 423 (1974).
Similarly, in Baillie v. Unemployment Compensation Board of Review, 51 Pa. Commonwealth Ct. 181, 413 A.2d 1199 (1980), the claimant was given an ultimatum after alerting her employer that she could not report for work because she had to care for her seriously ill mother. There, we held that those circumstances justified her absence.
Here, the claimant's uncontroverted testimony established that he too was issued an ultimatum. Having informed his employer that he could not hire a sitter under such limited time constraints, his supervisor told him to report or be fired. As a single parent with two young daughters, having to leave work at 5:30 p.m. on a Friday and secure adequate child care in time to report for work promptly at 7:00 a.m. the next day is an exceptional demand. We conclude that under such short notice, and faced with his employer's ultimatum, Mulqueen's choice to remain at home to care for his daughters, like Thomas and Baillie, justifies his absence.
Accordingly, we reverse the Board's order.

ORDER
The order of the Unemployment Compensation Board of Review, No. B-260433 dated August 10, 1987, is reversed.
NOTES
[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(e).
[2] We note that our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether any constitutional rights were violated. Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
[3] N.T., referee's hearing, 6/26/87, p. 3.
[4] Mulqueen testified that on Friday,

[i]t was just about 5:30, and the guy named Junior came up to me and he said, `You are working tomorrow.' He didn't ask me, he told me I was. I said that I could not work on Saturday for straight time because I had already given him more hours than what they had normally set, and I told him I have two kids at home and I have to make arrangements for them on a Saturday, and its kind of hard. I couldn't work for overtime  couldn't work for straight time for anyone on a Saturday. ... He said something like, `if you don't come in tomorrow, don't bother coming back. You don't have a job here any longer.' I said I was more than willing to come back and work on Monday, but I could not work on a Saturday, and he said, `Don't bother coming back at all.'
Id. at p. 4.