IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Williams,                          :
                    Petitioner           :
                                         :
          v.                             : No. 364 C.D. 2018
                                         : Submitted:  August 10, 2018
Unemployment Compensation                :
Board of Review,                         :
                    Respondent           :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED:  August 31, 2018


          Robin Williams (Claimant) petitions for review an order of the
Unemployment Compensation Board of Review (Board) finding that she did not
have good cause for missing an evidentiary hearing and, therefore, refusing to hear
Claimant's testimony on the merits regarding whether she was discharged for
willful misconduct under Section 402(e) of the Unemployment Compensation
(UC) Law (Law).[1]   The Board affirmed the Referee's decision to deny
unemployment compensation benefits.  For the following reasons, we affirm.

_____

          [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §
802(e).

## I.

Claimant was employed by Sugarhouse HSP Gaming, L.P. (Employer) as a table games dealer. When Claimant began employment, she received a handbook detailing Employer's point-based attendance policy. Under that policy, a new hire receives six points but loses points regarding attendance and tardiness. When an employee has zero points, the employee may be terminated for absenteeism. Each whole or partial point lost is credited back to the employee on the 366th day following its loss.

On June 10, 2017, Claimant was scheduled to work from 4:00 a.m. to 12:00 p.m. but did not report for work until 5:30 a.m., resulting in a whole point deduction. Claimant informed Employer that her late arrival was due to an emergency dental procedure. Employer's team relations manager, Howard Holden (Holden), then informed Claimant that she was eligible for Family and Medical Leave Act (FMLA)[2] leave, and if she applied for it successfully, it would excuse her lateness. However, Claimant failed to provide the appropriate documentation to support FMLA leave. As a result, Claimant's lost attendance point was not restored. After she lost her final attendance point when she reported for work over 60 minutes late due to car trouble, Claimant's employment was terminated.

Claimant then applied for UC benefits. In Claimant's questionnaire, she stated that she had been discharged due to absenteeism, but that she had good cause for her absenteeism on June 10, 2017, due to a dental emergency. Finding

---

[2] Act of 1993, 29 U.S.C. §§ 2601 – 2654.

that she had justification for being late on that date, the Scranton UC Service Center granted benefits and Employer appealed.

On September 21, 2017, a notice was mailed to Claimant informing her that a hearing on the merits of Employer's appeal was scheduled before a Referee for October 6, 2017. Claimant failed to appear at this hearing. Employer provided testimony establishing that Claimant's credit points were at zero at the time of her termination, as well as establishing that she never provided the appropriate documentation to receive FMLA leave. The Referee found that Claimant was ineligible for UC benefits because she was terminated for willful misconduct due to her violation of Employer's attendance policy.

Claimant then filed an appeal from the Referee's decision to the Board stating that she was not aware of Employer's appeal, nor was she aware of the scheduled hearing, and would like to reschedule a new hearing. She further stated that she was not aware that her request for FMLA leave had never been processed. The Board remanded to allow Claimant the opportunity to testify as to why she failed to appear at the first hearing, noting that if it found that Claimant did not have proper cause for her nonappearance, the Board would not consider Claimant's evidence on the merits.

At the new hearing, Claimant conceded that the September 21, 2017 notice of the hearing did, in fact, come to her residence, but she failed to see it before the date of the hearing:

3

[Q]: Why didn't you open the mail?

[A]: I have a bucket of mail.  So, I didn't see it.

[Q]: Wait a minute.  The letter was delivered to you—

[A]: Yes.

[Q]: —but you didn't open it?

[A]: That's not what I'm saying.  What I'm saying is, when the mail comes to my house, all the mail is collected.  So, during the course of the day, it got jumbled up in the mail, and I did not notice that it was there.  So, when I noticed it, that's when I called in.

[Q]: When did you notice it?

[A]: I think it was probably the end—it was the end of the beginning of September.  No, the beginning—the end or the beg—the end of September or the beginning of October.  But I know I already missed the date.  Because the date was the first week of October.  I didn't see it until, maybe the second week of October.

(Record (R.) at Item No. 14, Remand Hearing:  Transcript of Testimony w/ Employer Exhibits, 12/22/17, pp. 4 – 5.)  When asked to clarify what she meant when she said the mail had been "jumbled up," Claimant said:

[A]: Meaning, all the mail that come[s] into to [sic] the house, I'm not the only person who live[s] in my house.

[Q]: Who else?

[A]: Several other people.  My father, my mother-in-law, my little brother, my sister and my son.

[Q]: Okay.

4

[A]: So, once the mail came, it got bunched up with everything else.

[Q]: What do you mean, by – what else?

[A]: The rest of the mail. Bills. Just anything. Circulars. Just mail that comes.

[Q]: Okay. So, mail that comes to the house—

[A]: Yes, ma'am.

[Q]: —is collected for all family members—

[A]: Yes.

[Q]: —and put in a single space. Correct?

[A]: Yes.

[Q]: Okay. So, it wasn't delivered late. It was just that you didn't open—notice it, and open it late—

[A]: Correct.

(*Id.* at p. 5.)

Finding that Claimant did not have proper cause for her nonappearance at the first hearing, the Board affirmed the Referee's decision denying benefits. Claimant then petitioned this Court for review.

## II.

On appeal, Claimant raises the issue that her termination was not due to willful misconduct because her absence in June 2017 was due to an emergency

5

dental surgery.[3]  Section 402(e) of the Law provides that an employee is ineligible for benefits for any week in which her unemployment is due to discharge from work for willful misconduct.  43 P.S. § 802(e).  It is well settled that habitual tardiness can constitute willful misconduct.  *Spence v. Unemployment Compensation Board of Review*, 409 A.2d 500 (Pa. Cmwlth. 1979).  However, it is possible that an employee may be excessively tardy, yet not guilty of willful misconduct where the tardiness was not in violation of employer's rules.  *See Unemployment Compensation Board of Review v. Kerstetter*, 344 A.2d 743 (Pa. Cmwlth. 1975) (holding that an employer discharging an employee for tardiness on three separate occasions did not constitute discharge for willful misconduct where employer's warning slip to employee stated that he would be discharged only for *exceeding* three occasions).  Furthermore, it is undisputed that an employer has the burden of demonstrating willful misconduct for which a claimant has been terminated.  *Bailey v. Unemployment Compensation Board of Review*, 597 A.2d 241 (Pa. Cmwlth. 1991).

In this case, at the hearing, Employer established that it had a policy where employees would be terminated should they "run out" of points, and that Claimant had, in fact, run out of points due to attendance issues.  Once an employer establishes a *prima facie* case of willful misconduct, the burden then shifts to the claimant to show good cause as justification for countermanding an employer's directive.  *Mulqueen v. Unemployment Compensation Board of*

---

[3] This Court's scope of review is limited to a determination of whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial competent evidence.  *Key v. Unemployment Compensation Board of Review*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

*Review*, 543 A.2d 1286 (Pa. Cmwlth. 1988). While illness is a good cause defense to a charge of willful misconduct due to excessive absenteeism, it is incumbent upon the claimant to establish that illness was indeed the cause of her absenteeism, which is an affirmative fact. *McKeesport Hospital v. Unemployment Compensation Board of Review*, 625 A.2d 112 (Pa. Cmwlth. 1993). Because Claimant failed to appear at the evidentiary hearing, there is no evidence that her absence was due to a dental emergency.

Even though Claimant states that she did not appear at the hearing because she was unaware of it, at the remand hearing, she admitted that the notice for the hearing arrived in time but she failed to see it until after the hearing date had already passed. A claimant's own negligence is insufficient proper cause as a matter of law to justify her failure to appear at a referee's hearing. *Savage v. Unemployment Compensation Board of Review*, 491 A.2d 947, 950 (Pa. Cmwlth. 1985). Because Claimant failed to establish proper cause for her absence from the hearing, the Board properly did not consider her testimony on the merits.

Accordingly, because Employer met its burden to establish that Claimant was discharged due to willful misconduct, the Board's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robin Williams,                          :
               Petitioner          :
                                    :
        v.                         : No. 364 C.D. 2018
                                      :
Unemployment Compensation                :
Board of Review,                         :
               Respondent

# **O R D E R**

AND NOW, this 31st day of August, 2018, the Unemployment Compensation Board of Review's order of January 22, 2018, is affirmed.

_____
DAN PELLEGRINI, Senior Judge