Leonard Gardner, Appellant *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Appellee.

. Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Leonard Gardner*, appellant, for himself.

*Michael Klein*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 14, 1977:

Leonard Gardner (claimant) was employed as a drill press operator by the General Electric Co. (employer) for sixteen months. On September 8, 1975, he was laid off for a week for lack of work, but, allegedly because of illness, he actually did not return to work until October 1, 1975 when he was informed that he had been discharged because he had been absent from work without giving notice to his supervisor, as required by the employer's work rules.

The claimant, who contends that he gave the required notice, applied for unemployment compensa-

tion benefits pursuant to the Unemployment Compensation Law[1] (Law), the Bureau of Employment Security (Bureau) awarded benefits and the employer appealed. The referee, after a hearing, reversed the Bureau's decision and denied benefits, finding that the claimant had been guilty of willful misconduct under Section 402(e) of the Law.[2] The Unemployment Compensation Appeal Board (Board) affirmed the referee's decision and this appeal followed.

In an unemployment compensation case, review by this Court is limited to questions of law and, in the absence of fraud, to a determination of whether or not the Board's findings are supported by competent evidence, and the question of whether or not particular conduct of a discharged employee constituted willful misconduct is one of law which is subject to such review. *Coulter v. Unemployment Compensation Board of Review,* 16 Pa. Commonwealth Ct. 462, 332 A.2d 876 (1975). We have defined willful misconduct to be (1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensa-*

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

[2] Section 402 provides in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

*tion Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

The claimant initially argues that two of the Board's findings of fact in support of its conclusion that he had been guilty of willful misconduct are not supported by substantial evidence. The first such finding is that the claimant had previously received warnings and a suspension from his employer for having been late and absent without proper notice. The record reveals testimony by the employer's representative that the claimant had been previously warned and suspended for his lateness and absenteeism without having given proper notice and further that the witness produced copies for the record of the written warnings and suspension notice given. Moreover, the claimant admitted in his own testimony that he had been warned about his lateness and his absenteeism. In this context, we believe that this finding of the Board is clearly supported by substantial evidence.

The second finding of the Board challenged by the claimant is that he did not notify his employer during the period of his absence after the one-week lay-off: *i.e.,* from September 15 to October 1. Conflicting testimony concerning this issue was presented before the referee: the claimant testifying that he did contact the employer three times during this period to report the reason for his absence and the employer's representative testifying that the employer had not heard from the claimant at all during the period concerned. In making its finding the Board obviously found the employer's testimony to be the more credible, and it is clearly within the province of the Board as the ultimate fact-finder to determine the credibility and weight to be accorded the evidence. *Unemployment Compensation Board of Review v. Wright,* 21 Pa. Commonwealth Ct. 637, 347 A.2d 328

(1975). We cannot say that the finding here is unsupported by substantial evidence simply because conflicting or contrary evidence on the issue was also introduced which the Board found not to be credible. *See Borlak v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 489, 326 A.2d 659 (1974).

The claimant argues finally that his conduct here did not amount to willful misconduct. We held in *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975), that absence from work because of sickness does not constitute willful misconduct *unless* the illness is not properly reported as required by the employer's work rules, and we are bound here by the Board's finding that the claimant did not report his illness. In view of the prior warnings and the suspension given to him, there can be no question that he was aware of the employer's rule regarding reporting during periods of absence. *Cf. Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976). In these circumstances, therefore, the claimant's absence without notice was in violation of his employer's work rules and demonstrates a deliberate disregard of standards of behavior which an employer may rightfully expect and this disregard constitutes willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review, supra.*

The order of the Board is affirmed.

## ORDER

AND Now, this 14th day of April, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Leonard Gardner is hereby affirmed.