Mike Bowers, a/k/a Michael Bowers, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 11, 1978, before Judges BLATT, DISALLE and MACPHAIL, sitting as a panel of three.

 

*Gerald F. Glackin,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, October 19, 1978:

Michael Bowers (Claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a Referee's decision denying him unemployment compensation on the ground that Claimant was ineligible for benefits because of willful misconduct under Section 402(e) of the Unemployment Compensation Law.[1] We affirm.

Claimant had been employed by Agitair Division of Aeronca, Inc. (Employer) as a brake operator for approximately eight and one-half years. His employment was terminated on March 15, 1977. The reason given for Claimant's dismissal was excessive tardiness.

Claimant admitted that he had twelve (12) instances of tardiness and that he had previously received a warning and had been suspended for three (3) days because of tardiness. He argues however that his record of tardiness is not willful misconduct because the Employer failed to follow the provisions of a labor-management agreement in effect at the time of his discharge.[2] A copy of the labor-management agree-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] Claimant admits that he was aware of the pertinent terms of the agreement at the time of his discharge.

ment is attached to the record as Employer's exhibit one (1) and reads in pertinent part as follows:

28. Lateness

| | | |
|---|---|---|
| (a) | Late 3 times/cal. mo. | Warning |
| (b) | Late 3 add'l times in any calendar mo. | Warning + 3 days off |
| (c) | Late 3 add'l times in any calendar mo. | 1 week off |
| (d) | Late 3 add'l times in any calendar mo. | Dismissal |

It appears from the record that the Claimant was given a written notice of five (5) days off for his third offense as well as a written notice of discharge for his fourth offense simultaneously on March 15, 1977. Claimant's argument is that since he never received a week off as a separate penalty, he cannot be said to be guilty of willful misconduct. He relies principally upon *Unemployment Compensation Board of Review v. Schmid,* 20 Pa. Commonwealth Ct. 286, 341 A.2d 553 (1975). In that case, an employer's shop rules notified the employees that three (3) *penalties* would result in an employee's discharge. Although claimant in the *Schmid* case had a history of being late for work, he had been laid off on only one previous occasion. The pertinent shop rule provided that "anyone getting a third 'two days off without pay' penalty in a six month period will get the shoe." Our Court said:

> In the instant case, the employer gave notice that although tardiness was inimicable to its interest, it was not sufficiently inimicable to result in discharge until the employee had received three 'two days off without pay' *penalties.* (Emphasis added.)

*Id.* at 290-91, 341 A.2d at 555.

In the case now before us, it will be observed readily that it is not the accumulation of penalties that will result in the discharge of an employee, but rather the· accumulation of a specified number of tardy offenses within a specified period of time. In light of the twelve conceded instances of tardiness within the time limits imposed by the Employer, we must affirm the Referee's finding that the Claimant was discharged in accordance with the procedures established in the labor-management agreement.

Habitual tardiness has been held adequate grounds for a finding of willful misconduct. *Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976). Certainly twelve (12) occasions of tardiness within a period of four (4) months is sufficient for a finding of willful misconduct.

The order of the Board is affirmed.

ORDER

AND Now, this 19th day of October, 1978, the order of the Unemployment Compensation Board of Review, dated June 22, 1977, denying benefits to Mike Bowers, a/k/a Michael Bowers is hereby affirmed.