Clarence E. Spicer, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 14, 1979, before Judges MEN-CER, BLATT and MacPHAIL, sitting as a panel of three.

*George R. Price,* with him *Walter Perry,* for petitioner.

*Elsa D. Newman,* Assistant Attorney General, with her *Gerald Gornish,* Attorney General for respondent.

OPINION BY JUDGE MENCER, November 9, 1979:

Clarence E. Spicer, Jr. (claimant) appeals an order of the Unemployment Compensation Board of Re-

view (Board) denying him benefits, because of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Because of inadequate findings of fact, we must remand the case to the Board for further proceedings.

Claimant was employed as a baker's helper for Stroehmann Brothers Company (Stroehmann) for approximately fourteen months prior to his discharge. During his tenure with Stroehmann, claimant had been warned and twice suspended because of tardiness, absenteeism, and early leavings without authorization, all of which were infractions of Stroehmann's rules.[1] These rules, which were a product of a labor-management agreement, provided a tiered classification of violations. Serious infractions, such as claimant's, were classified as group I violations. If an employee accumulated a total of five group I violations in a specified period, he was automatically terminated. On December 19, 1977, the date of discharge, claimant had four group I violations.

The Board found that claimant was terminated for arriving one hour and forty-three minutes after his scheduled starting time of 6 a.m. This was his fifth group I violation. Claimant attributed his lateness to a series of transportation problems beyond his control. Claimant testified that, since he did not own an

---

[1] Claimant argues, relying on *Endres v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 567, 391 A. 2d 61 (1978), that the Board's findings on claimant's past violations are insufficient. In *Endres*, we stated that it was not enough for the Board to find that a claimant had received prior warnings, to justify a conclusion of wilful misconduct. The Board must find that the claimant actually did the acts which prompted the warnings and state whether those acts constituted willful misconduct. Here, the Board's finding that claimant had a *record* of infractions meets this standard.

automobile, he relied on fellow employees for rides to work. If, for some reason, these rides were unavailable, claimant would call a taxi.

On December 19, 1977, claimant's ride failed to show up at the normal pickup time of 4:50 a.m. Claimant testified that he waited until 5 a.m. and then called Stroehmann's to see whether his ride had already arrived. Discovering that it had, claimant informed Stroehmann that he would call a taxi. When the taxi also failed to appear, claimant again called Stroehmann, explained his predicament, and asked for the day off to avoid another group I violation. His request was denied, whereupon claimant walked to work.

There is no question that tardiness, without good cause, especially when accompanied by past violations and warnings, constitutes willful misconduct. *See Bowers v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 171, 392 A.2d 890 (1978); *Unemployment Compensation Board of Review v. Glenn*, 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976). It is equally settled that, in order for this Court to properly exercise its appellate review, the Board must make adequate findings of fact resolving all crucial issues raised by the testimony. *See Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977); *Unemployment Compensation Board of Review v. Crilly*, 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976). One such issue is the employee's reason or justification for not complying with his employer's rules or directives. *See Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Holomshek v. Unemployment Compensation Board of Review*, 39 Pa. Commonwealth Ct. 503, 395 A.2d 708 (1979). Here claimant offered an explanation for his conduct which, if found credible by

the Board, would constitute good cause.[2] *Cf. Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974) (employee who lacked funds for gasoline to drive to work held not guilty of willful misconduct for being absent for two days upon proper notification of his employer). Unfortunately, the Board failed to make any findings resolving this issue, thereby necessitating a remand. *See Hughes v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 422, 397 A.2d 494 (1979); *Kindrew v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978).

In addition, we note that testimony was presented that Stroehmann required its employees to give at least two hours' notice if they were to be late or absent. Although the Board did find that Stroehmann required two hours' notice in the case of *absences,* it failed to make any findings on Stroehmann's notice requirement with regard to lateness or as to whether claimant had complied with this requirement. These findings are also crucial for a proper evaluation of claimant's conduct. Since, however, we find it unreasonable, for purposes of determining unemployment compensation eligibility, to require an employee to give two hours' notice before he has a reason to do so, on remand, the only notice issue the Board must resolve is whether claimant did inform Stroehmann,

---

[2] We are not holding that in all circumstances transportation problems will excuse an employee's tardiness. On the contrary, if an employee knows or should know that a certain mode of transport is unreliable and yet continues to use it to the detriment of his employer, or fails to give proper notice of his late arrival, then his action constitutes willful misconduct. Under the facts of this case, however, and in the absence of any indication that claimant's prior tardiness was caused by similar transportation problems, we cannot say that claimant's conduct, if accepted by the Board, displayed a conscious indifference to his employer's interests.

within a reasonable time, that he would be late and the reasons for such lateness.

Accordingly, we enter the following

ORDER

AND Now, this 9th day of November, 1979, the order of the Unemployment Compensation Board of Review, dated March 28, 1978, is vacated, and the record is remanded for further proceedings consistent with this opinion.