Janet Jula, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Greater Pittsburgh Abstract Company, Intervenor.

Argued November 16, 1979, before Judges MENCER, DiSALLE and CRAIG, sitting as a panel of three.

No appearance for petitioner.

*Gary Marini,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, *Edward G. Biester, Jr.,* Attorney General for respondent.

No appearance for intervenor.

OPINION BY JUDGE MENCER, January 8, 1980:

This is a *pro se* appeal by Janet Jula (claimant) from an order of the Unemployment Compensation Board of Review denying her benefits because of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed by the Greater Pittsburgh Abstract Company (Abstract) for approximately six months prior to her discharge on January 30, 1978. During her employment, claimant repeatedly used the company telephone for personal business and accumulated an extensive record of tardiness and absenteeism without proper notice. As a result, claimant received several warnings that a continuation of such conduct would jeopardize her employment.

On January 23, 1978, claimant was authorized to leave work early because of a death in her family. Later that day, she called and notified Abstract that she would be absent in order to make the necessary arrangements and attend the funeral, which was scheduled for January 26, 1978. On January 27, 1978, however claimant failed to report to work or to notify Abstract that she would be absent. Further, when claimant did return to work after an intervening weekend, she was late. Because of these infractions and her history of similar offenses, claimant was discharged.

It is well established that both tardiness and absenteeism without notice or good cause, and especially when accompanied by past violations and warnings, constitute willful misconduct. *Bowers v. Unemploy-*

*ment Compensation Board of Review,* 38 Pa. Common-wealth Ct. 171, 392 A.2d 890 (1978) ; *Beaverson v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 125, 382 A.2d 1277 (1978). It is equally settled that where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to questions of law and, absent fraud, to a determination of whether the Board's findings of fact are supported by substantial evidence. *Frick v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 198, 375 A.2d 879 (1977).

Here, claimant candidly testified that her work record with Abstract was marred by unauthorized telephone calls, tardiness, and absenteeism and that she had been warned concerning her conduct. Claimant also readily admitted that she was late on January 30, 1978 because of transportation problems and that she did not personally call Abstract to report her expected absence on January 27, 1978 but relied on a fellow employee to relay a message to Abstract—a message her employer testified was never received. In light of this testimony and the Board's power, as the ultimate factfinder, to resolve questions of credibility and the weight to be given to the evidence, *Gardner v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1977), we cannot say the Board erred in finding claimant guilty of willful misconduct.

Accordingly, we enter the following

ORDER

AND Now, this 8th day of January, 1980, the order of the Unemployment Compensation Board of Review, dated June 5, 1978, denying benefits to Janet Jula, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.