Michael Pickett, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1980, before Judges Wilkinson, Jr., Rogers and MacPhail, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

Opinion by Judge MacPhail, October 8, 1980:

Michael Pickett (Employee) had been employed as a prison correctional officer by the City of Philadelphia (Employer) for more than eight years. He was discharged effective June 20, 1978. He has been

denied unemployment compensation benefits by the Bureau (now Office) of Employment Security, the referee and the Unemployment Compensation Board of Review (Board) because of willful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The Employee appeals the Board's decision which found substantial evidence of habitual tardiness. He contends that five occasions of tardiness in five months is not "habitual," that he was discharged for poor performance rather than willful misconduct and that the Board capriciously disregarded competent evidence in reaching its decision.

From the record, it appears that on October 20, 1977 the Employee was given a "performance report" indicating that improvement was needed. On December 13, 1977, he was given a written notice of intention to dismiss, again indicating unacceptable job performance because of *inter alia* constant and excessive use of sick leave and habitual tardiness. On May 1, 1978, Pickett received an annual performance report which was "overall unacceptable" and, on June 20, 1978, was notified of his dismissal for "unacceptable work performance, including such areas as attendance, punctuality and attitude."

There is substantial evidence in the record to support the Board's finding that after receiving the notices in October and December, 1977, the Employee had seven occasions of tardiness. Tardiness without good cause, especially when accompanied by past violations and warnings, constitutes willful misconduct. *Spicer v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979). The Employee contends that the Board

should not have found seven occasions of tardiness since two of those occurred after May 1, 1978, the date of the report mentioned in his notice of dismissal. There is no merit in that contention. While the dismissal notice does refer to the report of May 1, 1978, it also states that the Employee was given every opportunity to improve his work performance and failed to do so. Clearly, the Board could and did consider Pickett's record for tardiness between May 1, 1978 and the date of the dismissal notice.

Accordingly, what the Board found was seven instances of tardiness between February 26 and June 2, a period of a little more than three months. While "habitual" is not defined in the law, we are well satisfied that one who is late seven times in three months has formed a habit. Inasmuch as the Employee here was forewarned of the dire consequences of his tardiness if it continued, the Board was warranted in finding willful misconduct in this case. *Tundel v. Unemployment Compensation Board of Review*, 44 Pa. Commonwealth Ct. 312, 404 A.2d 434 (1979). It is certainly incumbent upon a correctional officer at a prison to be punctual.

As we have already noted, the Employee was discharged for poor performance *but* the Employer detailed the Employee's conduct which led to that conclusion. Included among the complaints were habitual tardiness and lack of punctuality.

The only evidence alleged to be capriciously disregarded was Employee's explanation of why he was late. The Board did not disregard that testimony, it just didn't believe it and so stated in its opinion. This was within the Board's prerogative. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

Order affirmed.

ORDER

AND Now, this 8th day of October, 1980, the order of the Unemployment Compensation Board of Review, dated April 4, 1979, Decision No. B-170733, denying unemployment compensation benefits to Michael Pickett, is affirmed.