Derrick Fields, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Judge WILLIAMS, JR. concurred in the result only.

Argued September 8, 1980, before President Judge CRUMLISH and Judges MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Terry L. Fromson,* for petitioner.

*Karen Durkin,* Assistant Attorney General, with her *James K. Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, October 27, 1980:

Derrick Fields appeals an Unemployment Comsation Board of Review Order denying him benefits because of willful misconduct under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We remand.

During Fields' ten-month employment with the Institute of Pennsylvania Hospital (Institute), he reported late for work on 28 occasions. He had been repeatedly warned and had once been suspended. On July 21, 1979, he was notified in writing that his job would be terminated if he sustained three subsequent

late reports. Fields was late again four more times and was terminated. Fields contends he was not in willful violation because two occasions were illness-provoked.

"There is no question that tardiness, without good cause, especially when accompanied by past violations and warnings, constitutes willful misconduct." *Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979), *Bowers v. Unemployment Compensation Board of Review*, 38 Pa. Commonwealth Ct. 171, 392 A.2d 890 (1978). It is also clear that absence from work because of illness in and of itself does not constitute willful misconduct.[1] *Gardner v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1978), *Unemployment Compensation Board of Review v. Kells*, 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975).

In order for this Court to properly exercise its appellate review, the Board must make adequate findings of fact so as to resolve issues raised by the evidence. *Miller v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 151, 415 A.2d 454 (1980), *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). As we have said in the past, justification advanced by a claimant for his conduct is a crucial issue which the Board must resolve. *Taylor v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 59, 410 A.2d 400 (1979). Here, Fields offered illness as an explanation for his late-

---

[1] To constitute willful misconduct, the fact of illness must be accompanied by other circumstances. In *Gardner*, we held that an illness which wasn't reported to an employer as required was willful misconduct.

ness. The record establishes that Fields sought and received medical attention during the time in which he was charged with being late. The Board, however, made no findings as to whether the alleged illness prevented Fields from being on time for work. As the issue of illness, if credible, lends itself to justification, it must be resolved by the Board.

Order vacated and remanded.

### ORDER

The Order of the Unemployment Compensation Board of Review, dated April 13, 1979, is vacated, and the record is remanded for the making of additional and more specific findings of fact and a new order.

Judge WILLIAMS, JR., concurs in the result only.