Teresa L. Frey, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1982, before Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, October 21, 1982:

Teresa L. Frey (claimant), appeals from a decision of the Unemployment Compensation Board of Review (Board) that during the seven weeks beginning January 12, 1980 and ending February 23, 1980, she was not able and available for suitable work and was therefore ineligible for benefits pursuant to Section 401(d) of the Unemployment Compensation Law.[1]

The claimant was last employed as an assistant manager of a retail store in Lancaster, Pennsylvania on December 27, 1979, when her employment ended under circumstances qualifying her for compensation. On her Summary of Interview form filed with the Office of Employment Security (OES), dated January 11, 1980, the claimant wrote, "I am ready and willing to accept work and begin work right away but would have to tell prospective employers I am going to the hospital for surgery." On the same form she wrote that she was to see her surgeon the same day for scheduling the operation. At one of the hearings the claimant testified that she in fact saw her doctor on or about January 11, 1980 and that the surgery—which was dental in nature—was postponed for a year. She did not report this to the compensation authorities until March, 1980 after she was notified that she

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

had been found ineligible. The claimant also testified that during the seven weeks in question she was in fact available, looked for work and found one part-time job. She reported to her local OES during each of the seven weeks evidencing her availability; and when she got the part-time work, duly reported this fact to OES. Her explanation for failing to report the postponement of her surgery was that the OES worker to whom she had applied instructed her only to report when the surgery was definitely scheduled, which inferred indicated official disinterest in the postponement of this event.

The compensation authorities denied compensation because, as they describe what happened, the claimant told OES that because of surgery she would not be available for work. We believe they erred.

Section 401(d)(1) of the Unemployment Compensation Law provides that compensation shall be payable to an employee who is or becomes unemployed and who: "[I]s able to work and available for suitable work. . . ." Each claim weeks stands on a separate and individual basis and the claimant must demonstrate her availability for work during that particular week. *Humanic v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 428, 430, 423 A.2d 64, 65 (1980). The record demonstrates that the claimant was in fact available, as she reported, on each of the seven weeks in question and indeed neither the referee nor the Board of Review found that she was not in fact available. Rather, the Board of Review's finding is that the claimant when she first visited OES "advised . . . that she would be required to have surgery and would not be available." It is true that she reported the prospect of surgery to OES and that it might occur in January or February—but she also wrote that she was presently avail-

408

able subject to that contingency. At the hearing she proved that she was available and that requires that the decision be in her favor.

The Board of Review twice considered this matter, both times finding against the claimant. In its first decision, the Board wrote "during the period beginning January 11, 1980 the claimant successfully precluded the OES from offering her referrals to suitable work by telling the OES she would not accept any work for two months." There is nothing in the record supporting this statement; and the Board of Review properly abandoned it. Of course OES had just the contrary information from the fact that the claimant reported availability each week and indeed reported that she worked during part of the period in question.

The claimant, having proved her availability during each of the weeks in question, we reverse the order below and remand for computation of benefits.

ORDER

AND Now, this 21st day of October, 1982, the order of the Unemployment Compensation Board of Review, dated January 8, 1981, is hereby reversed and the record remanded for the computation of benefits.